IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

RHONDA FRAZIER,                      :
                                     :
          Plaintiff,                 :
                                     :
vs.                                  :   CIVIL ACTION 12-0567-WS-M
                                     :
STATE OF ALABAMA, et al.,            :
                                     :
          Defendants.                :

REPORT AND RECOMMENDATION


     Plaintiff, a Baldwin County prison inmate proceeding pro

se, filed this § 1983 action. This action was referred to the

undersigned pursuant 28 U.S.C. § 636(b)(1)(B) and Local Rule

72.2(c)(4), and is now before the Court for Plaintiff's failure

to prosecute and to obey the Court's Order (Doc. 6).

     A prisoner is obligated to pay the $350.00 filing fee for

filing a § 1983 action while he is incarcerated. Gay v. Texas

Dept. of Corrections State Jail Div., 117 F.3d 240, 242 (5th

Cir. 1997); 28 U.S.C. § 1915(b)(1).  While Plaintiff was

incarcerated, she filed a Motion to Proceed Without Prepayment

of Fees (Doc. 2).  On September 18, 2012, Plaintiff's was

ordered to pay a $20.50 partial filing fee by October 9, 2012

(Doc. 3).  On October 9, 2012, Plaintiff paid the $20.50 partial

filing fee, which left a balance of $329.50 (Docs. 4, 7).

Subsequently, Plaintiff notified the Court of a change in her

address which indicated that she was no longer incarcerated

(Doc. 5).  Because Plaintiff is still obligated to pay the

$329.50 filing fee, Gay, 117 F.3d at 242, the Court ordered

Plaintiff by November 21, 2012, to pay the balance of the

$350.00 filing fee, or to file a new motion to proceed without

prepayment of fees so the Court could determine a payment

schedule for collecting the remainder of the filing fee (Doc.

6).  Plaintiff was warned that her failure to comply with the

Court's Order within the prescribed time would result in the

dismissal of this action for failure to prosecute and to obey

the Court's Order.  Plaintiff's copy of the Court's Order has

not been returned to the Court, nor has the Court, to date,

heard from Plaintiff since the Order was entered.

     Due to Plaintiff's failure to comply with the Court's Order

and to prosecute this action, it appears that Plaintiff has

abandoned her action thereby subjecting it to dismissal pursuant

to the Court's inherent powers. Link v. Wabash R.R., 370 U.S.

626, 630-31, 82 S.Ct. 1386, 1389-90, 8 L.Ed.2d 112 (1962) ("The

authority of a court to dismiss sua sponte for lack of

prosecution has generally been considered an 'inherent power'

governed not by rule or statute but by the control necessarily

vested in courts to manage their own affairs so as to achieved

the orderly and expeditious disposition of cases."); Zocaras v.

2

Castro, 465 F.3d 479, 483 (11th Cir.) (recognizing a district court's inherent power to enforce orders and provide for the efficient disposition of litigation), cert denied, 549 U.S. 1228 (2007); Wilson v. Sargent, 313 F.3d 1315, 1331-32 & n.7 (11th Cir. 2002) (indicating that a prisoner's failure to pay the partial filing fee under § 1915 is a basis for dismissal).

This inherent power is not restricted by Rule 41(b) of the Federal Rules of Civil Procedure, which also authorizes the dismissal of an action as a sanction where there is "a clear record of willful conduct and a finding that lesser sanctions are inadequate." Zocaras, 465 F.3d at 483; see generally Betty K Agencies, Ltd. v. M/V Monada, 432 F.3d 1333, 1337-38 (11th Cir. 2005) (discussing dismissals pursuant to the court's inherent power and dismissals based on Rule 41(b) of the Federal Rules of Civil Procedure, and concluding that a dismissal with prejudice requires findings of contumacious conduct and that lesser sanctions will not suffice).

Thus, this action may be dismissed under Rule 41(b) as well because Plaintiff's conduct of failing to respond to the Court's Order, after previously notifying the Court of her "free world" address where the Court's Order was sent and was not returned by postal authorities, is willful conduct warranting the imposition of sanctions. Accordingly, it is recommended that this action

3

be dismissed with prejudice.

MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

1.   Objection.  Any party who objects to this recommendation or anything in it must, within fourteen days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a de novo determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  See 28 U.S.C. § 636(b)(1)(C); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988); Nettles v. Wainwright, 677 F.2d 404 (5th Cir. Unit B, 1982)(en banc).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within fourteen days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed de novo and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

> A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.    Transcript (applicable where proceedings tape recorded).
Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the
magistrate judge finds that the tapes and original records in
this action are adequate for purposes of review.  Any party
planning to object to this recommendation, but unable to pay the
fee for a transcript, is advised that a judicial determination
that transcription is necessary is required before the United
States will pay the cost of the transcript.

        DONE this 27th day of November, 2012.


                                   s/BERT W. MILLING, JR.
                                   UNITED STATES MAGISTRATE JUDGE